IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHAVIS PORTER, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO. 2:12-cv-103-MEF |
| | ) (WO – Do Not Publish) |
| AMERICAN GUARANTEE AND | ) |
| LIABILITY INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Now before the Court are Defendant American Guarantee and Liability Insurance Company's ("American Guarantee") Motion to Dismiss Plaintiff's First Amended Complaint (Doc. #31) and Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #39), filed September 14, 2012 and October 18, 2012, respectively. For the reasons set forth below, the Court finds that both of American Guarantee's motions are due to be DENIED.

### FACTUAL AND PROCEDURAL BACKGROUND[1]

This case involves an insurance coverage dispute. On October 26, 2011, Plaintiffs Chavis and Melissa Porter (the "Porters") obtained a $250,000 judgment (the "Underlying Judgment") against Crumpton & Associates, L.L.C. for legal malpractice. The Porters allege that American Guarantee has failed to satisfy the Underlying Judgment pursuant to a professional liability policy that it provided to Crumpton & Associates, L.L.C. as required

---

[1] This recitation of facts is derived from Plaintiff's Second Amended Complaint (Doc. #38). As is required at the motion to dismiss stage, the Court will take as true all factual allegations as pled in the Complaint.

under Alabama Code § 27-23-2 (1975).  The Porters further allege that all requirements under the relevant policy were met by Crumpton & Associates, L.L.C., including that the underlying legal malpractice claim (the "Porter Claim") was made and reported during the policy period.

American Guarantee removed this case from the Circuit Court of Montgomery County, Alabama on February 2, 2012 (Doc. #1) and filed a motion to dismiss (Doc. #6) a week later.  Before the Court could resolve this motion to dismiss, the Porters filed a motion to remand (Doc. #10), which the Court denied.  (Doc. #18.)  The Porters then filed their response to American Guarantee's motion to dismiss (Doc. #22).  Attached to American Guarantee's motion and the Porters' response were various documents presented for the purpose of definitively showing whether the Porter claim was made and reported during the applicable policy period.  However, before the Court could resolve American Guarantee's initial motion to dismiss, the Porters were granted leave to file their First Amended Complaint (Doc. #29).  The First Amended Complaint added a single allegation that the Porters' claim was made and reported within the policy period.  American Guarantee then filed a motion to dismiss the First Amended Complaint (Doc. #31), reasserting and adopting the arguments made previously in its initial motion to dismiss.  Yet, before that motion to dismiss could be resolved, the Porters filed their Second Amended Complaint (Doc. #34). American Guarantee again filed a motion to dismiss the Second Amended Complaint (Doc. #39), incorporating by reference all arguments made in its Motion to Dismiss the First Amended Complaint.  The Porters timely filed a response (Doc. #42) to American's

Guarantee's motion, and American Guarantee filed a reply.  (Doc. #44.)  The Court held a status conference on September 18, 2013.  This opinion is consistent with representations made during the conference.

## STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion to dismiss, the district court accepts the plaintiff's allegations as true and reads them in the light most favorable to the plaintiff.  *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993) (citation omitted).  Further, a district court must favor the plaintiff with "all reasonable inferences from the allegations in the complaint."  *Stephens v. Dep't of Health and Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).  A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  A complaint does not state a facially plausible claim for relief if it shows only "a sheer possibility that the defendant acted unlawfully."  *Id.*  While a complaint need not contain detailed factual allegations to survive a Rule 12(b)(6) motion, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  *Id.* (internal quotation and citations omitted).  Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice.  *Id.*

3

Courts are also not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## DISCUSSION

American Guarantee's Motion to Dismiss the First Amended Complaint is moot. After American Guarantee filed this motion, the Porters filed their Second Amended Complaint. The filing of the Second Amended Complaint supercedes the First Amended Complaint and renders it a nullity. *See Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982); *Jefferson v. H.K. Porter Co.*, 485 F. Supp. 356, 359–60 (N.D. Ala. 1980). Thus, because the First Amended Complaint no longer has any legal effect, American Guarantee's Motion to Dismiss the First Amended Complaint is due to be DENIED as MOOT.

That leaves pending before the Court American Guarantee's Motion to Dismiss the Second Amended Complaint. The Porters bring their single claim under Alabama Code § 27-23-2 (1975), which provides:

> Upon the recovery of a final judgment against any person, firm, or corporation by any person . . . for loss or damage . . . if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within 30 days after the date when it is entered, the judgment creditor may proceed against the defendant and the insurer to reach and apply the insurance money to the satisfaction of the judgment.

Put simply, this statute allows the Porters to "reach and apply" insurance proceeds to satisfy their judgment against Crumpton & Associates, L.L.C. by bringing a direct action claim

against their insurer, American Guarantee.

American Guarantee argues that the Porters did not, and cannot, state a claim under this statute because no insurance policy exists for them to "reach and apply" toward the satisfaction of the judgment they have against Crumpton & Associates, L.L.C. However, the contested issues in this case–whether or not a policy exists, whether the Porter claim was timely made and reported, and whether a policy actually covered the Underlying Judgment– are not issues that can be resolved at the motion to dismiss stage. While both parties have submitted a labyrinth of documents outside the pleadings in connection with their respective briefs in support of and against American Guarantee's motions to dismiss, the Court will not consider these documents, as doing so would require it to transform the remaining motion to dismiss into one for summary judgment.

Rather, the Court will accept as true the factual allegations stated in the Second Amended Complaint and decide whether they are sufficient to state a plausible claim for relief under the relevant statute. *See Ashcroft*, 556 U.S. at 678. The Court believes that they are. The Porters allege that: (1) American Guarantee insured Crumpton & Associates, L.L.C. for legal malpractice at the time of the malpractice giving rising to the Underlying Judgment; (2) American Guarantee was obligated to satisfy the Underlying Judgment against Crumpton & Associates, L.L.C. under this insurance policy; (3) all terms and conditions of this policy were met; and (4) American Guarantee has breached the insurance policy contract by failing to pay as required. These facts, in the Court's opinion, present a sufficient basis from which the Court can reasonably infer that the Underlying Judgment against Crumpton & Associates,

L.L.C. was covered by *some* policy of insurance issued to Crumpton & Associates, L.L.C. by American Guarantee and that the Porter Claim was made and reported within the coverage period of this policy. This is sufficient to state a plausible claim for relief under Alabama Code § 27-23-2.

The questions of what policy, if any, covered Crumpton & Associates, L.L.C., and whether this policy in fact covers the dispute at issue here, cannot be resolved without discovery and, therefore, are best left for summary judgment. Thus, despite American Guarantee's arguments to the contrary, the Porter's allegations rise above the level of a "formulaic recitation" of the elements of a cause of action under Alabama Code § 27-23-2. Therefore, American Guarantee's Motion to Dismiss the Second Amended Complaint is due to be DENIED.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant American Guarantee's Motion to Dismiss the First Amended Complaint (Doc. #31) is DENIED as MOOT, and its Motion to Dismiss the Second Amended Complaint (Doc. #39) is DENIED.

DONE this the 23rd day of September, 2013.

                                            /s/ Mark E. Fuller
                                    UNITED STATES DISTRICT JUDGE